IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THONY BEAUBRUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-097 |
| | ) | |
| DODGE STATE PRISON; WARDEN | ) | |
| TOMMY BOWEN; LIEUTENANT BRAY; | ) | |
| OFFICER BENTLEY; and COUNSELOR | ) | |
| BRAY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff, incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia,

brought this case pursuant to 42 U.S.C. § 1983.  Plaintiff seeks to proceed *in forma pauperis*

("IFP").

I.      **Background**

On August 23, 2022, Plaintiff submitted a nine-page handwritten complaint pursuant

to 42 U.S.C. § 1983, concerning events at Dodge State Prison ("DSP") in Chester, Georgia.

(Doc. no. 1).  Plaintiff did not pay the initial filing fee or move to proceed *in forma pauperis*

("IFP"). Upon opening the case, the Clerk of Court sent Plaintiff a deficiency notice

concerning the need for an IFP motion or payment of the filing fee, as is required by Local

Rule 4.1.  (See doc. no. 2.)  When Plaintiff failed to respond, the Court recommended dismissal

of this case.  (See doc. no. 3).  On September 30, 2022, Plaintiff belatedly submitted a motion

to proceed IFP. (Doc. no. 5.) Although the Court does not condone Plaintiff's failure to timely comply with Local Rule 4.1, the Court accepts Plaintiff's filing and **VACATES** the September 20, 2022 recommendation for dismissal. (Doc. no. 3.)

**II.      Motion to Proceed *In Forma Pauperis***

Plaintiff seeks to proceed *in forma pauperis*. After reviewing Plaintiff's filing, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, (doc. no. 5), subject to compliance with the conditions of this Order.

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in the plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to

exhaust all administrative remedies **prior to filing** a federal lawsuit which challenges "prison conditions."  42 U.S.C. § 1997e; see also 18 U.S.C. § 3626(g)(2).  All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted.  Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1).  Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject him to the three-dismissal rule under section 1915(g).  Plaintiff may dismiss his case at this time by filing a notice of dismissal.

However, should Plaintiff choose to proceed with his case, he **MUST** comply with the following instructions:

(1)     Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court.  Two copies of the form are enclosed for this purpose.

(2)     Plaintiff must sign and date the enclosed **Consent to Collection of Fees from**

3

**Trust Account**. By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)    Plaintiff must return both the **Prisoner Trust Fund Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint, to be amended as described below, to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint.

### III.    Plaintiff Must Submit an Amended Complaint on the Standard Form Used by Incarcerated Litigants

As explained above, Plaintiff submitted a nine-page handwritten complaint. (Doc. no. 1.) Plaintiff did not use the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and therefore, does not provide the information relevant to Plaintiff that the Southern District requires. Therefore, if Plaintiff wishes to proceed with this case, he **MUST**, within thirty days of the date of this Order, file a complete amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The Statement of Claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed

4

the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  For example, Plaintiff should not simply state, "See attached documents."  Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, within thirty days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims specific to him that he wishes the Court to consider as a basis for awarding the relief sought.

**IV.    Conclusion**

If Plaintiff fails to respond to this Order with the above-described *in forma pauperis* papers and amended complaint within thirty days, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.  For the reasons explained above, the Court **GRANTS** the motion to proceed *in forma pauperis* subject to compliance with the terms of this Order, (doc. no. 5.)

**Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case, without prejudice.**

SO ORDERED this 3rd day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA