IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

THONY BEAUBRUN,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          CV 322-097
                                   )
DODGE STATE PRISON; WARDEN         )
TOMMY BOWEN; LIEUTENANT BRAY;      )
OFFICER BENTLEY; and               )
COUNSELOR BRAY,                    )
                                   )
          Defendants.              )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia, filed this case pursuant to 42 U.S.C. § 1983 regarding events alleged to have taken place at Dodge State Prison. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE AMENDED COMPLAINT**

      A.    **BACKGROUND**

      In his amended complaint, Plaintiff names as Defendants: (1) Dodge State Prison ("DSP"), (2) Warden Tommy Bowen, (3) Lieutenant Bray ("Lt. Bray"), (4) Officer Bentley,

and (5) Counselor Bray.  (Doc. no 12, pp. 1-2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At DSP, on June 13, 2022, at approximately 7:30 P.M., Plaintiff was standing at the door in his dorm talking to Defendants Lt. Bray and Bentley, when a fellow inmate punched him in the head.  (Id. at 5.)  Plaintiff fell and hit his head on the side of the table, his wrist on a bench, and his knee on the floor.  (Id.)  Plaintiff passed out for a minute, but Defendant Lt. Bray did not allow him to go to medical.  (Id.)  Instead, Plaintiff was placed in administrative segregation for ten days with no air conditioning.  (Id.)

Plaintiff filed a grievance about the situation but did not receive a response because he was transferred to another prison.  (Id. at 7.)  Plaintiff requests damages for his pain and suffering.  (Id. at 5.)

B.     **DISCUSSION**

1.     **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Plaintiff Fails to State a Claim Against Defendants Bowen and Counselor Bray

Plaintiff fails to state a claim against Defendants Bowen and Counselor Bray.  Plaintiff does not mention Defendants Bowen and Counselor Bray anywhere in his statement of the claim other than listing them in the caption of the amended complaint and Defendant list.  (See generally doc. no. 12.)  However, Plaintiff, does not connect Defendants Bowen and Counselor Bray with

any purported constitutional violation.  Dismissal is therefore appropriate.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, these Defendants should be dismissed.

### 3. Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendants Lt. Bray and Bentley

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  <u>Melton v. Abston</u>, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam).  To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Goebert v. Lee Cnty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007) (<u>quoting Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994)).  To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence."  <u>Melton</u>, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  <u>Farrow v. West</u>, 320 F.3d 1235, 1243

(11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good."  Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).  Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Plaintiff alleges he was hit by a fellow inmate which caused him to fall and "pass out for a minute," and Defendant Lt. Bray did not allow him to go to medical.  (Doc. no. 12, p. 5.)  Plaintiff does not describe any injuries from the attack, let alone any injury or condition so obvious that a lay person would recognize the necessity for medical attention.  Nor does Plaintiff allege he suffered injury from any delay or complete absence of medical treatment.  For these reasons, Plaintiff fails to state a claim against Defendants Lt. Bray and Bentley.

### 4.     Dodge State Prison is Not Subject to Liability in a § 1983 Suit

State prisons are not proper parties under § 1983.  See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities

subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Thus, Plaintiff may not list DSP as a Defendant, and therefore DSP should be dismissed.

### 5.    Plaintiff's Official Capacity Monetary Claims

Plaintiff states he is suing all Defendants in their official and individual capacities. (Doc. no. 12, pp. 2-3.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA