IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

THONY BEAUBRUN,                        *
                                       *
        Plaintiff,                     *
                                       *
    v.                                 *        CV 322-097
                                       *
DODGE STATE PRISON; WARDEN             *
TOMMY BOWEN; LIEUTENANT BRAY;          *
OFFICER BENTLEY; and                   *
COUNSELOR BRAY,                        *
                                       *
        Defendants.                    *

_____

**O R D E R**

_____

On August 23, 2022, Plaintiff Thony Beaubrun, a state prisoner, filed a handwritten complaint asserting claims under 42 U.S.C. § 1983. On January 9, 2023, the United States Magistrate Judge issued a Report and Recommendation, recommending that the case be dismissed for failure to state a claim under the screening procedures of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. No. 17.) In particular, the Magistrate Judge found that Plaintiff failed to state a claim against Defendants Warden Tommy Bowen and Counselor Bray since he failed to mention either of these Defendants in his "Legal Claims." The Magistrate Judge also explained that Defendant Dodge State Prison is not amenable to suit under § 1983. Finally, the Magistrate Judge recommended dismissal of Plaintiff's claim for deliberate indifference to a

serious medical need asserted against Defendants Lieutenant Bray and Officer Bentley.

Rather than file timely objections, Plaintiff sought to amend the complaint to add as a defendant Timothy Ward, the Commissioner of the Georgia Department of Corrections.  The Magistrate Judge denied the motion as futile on January 26, 2023.

Having heard no further objection from Plaintiff, this Court adopted the Report and Recommendation and dismissed the case on February 3, 2023.

On February 16, 2023, the Court received Plaintiff's motion for reconsideration, a brief in support, and an "objection" to the dismissal of his case.  More recently, Plaintiff has filed a motion to amend the complaint, again seeking to add Commissioner Ward as a defendant.

Upon review of the case, the Court has determined that Plaintiff asserted a failure to intervene claim against Defendants Lieutenant Bray and Officer Bentley that has not been addressed. The Court is also concerned that Plaintiff has not been given a reasonable opportunity to amend his pleading to establish a deliberate indifference claim.  Nevertheless, the Court remains satisfied that the claims against Defendants Warden Tommy Bowen and Counselor Bray were properly dismissed because the factual allegations of the complaint fail to state a plausible claim for relief.

2

The Court will afford Plaintiff one opportunity to recast his complaint to assert a claim of deliberate indifference to a serious medical need and a failure to intervene claim against Defendants Lieutenant Bray and Officer Bentley. Plaintiff shall not include claims against Warden Tommy Bowen or Counselor Bray. Also, Plaintiff need not include Commissioner Ward because the claims he sought to assert against Commissioner Ward are too attenuated to the incident of June 13, 2022 to be plausible.[1]

Upon the foregoing, Plaintiff's motion for reconsideration (doc. no. 23) is **GRANTED**. The Court hereby **VACATES** its Judgment (doc. no. 22) and **REOPENS** the case as against Defendants Lieutenant Bray and Officer Bentley. The Adoption Order of February 3, 2023 (doc. no. 21) is **VACATED IN PART**; only that part of the February 3, 2023 Order that dismissed Plaintiff's claims against Lieutenant Bray and Officer Bentley is vacated. Defendants Dodge State Prison, Warden Tommy Bowen and Counselor Bray remain dismissed, and no claims shall be asserted against them.

The Clerk is hereby directed to attach a copy of the Form Complaint for Violation of Civil Rights for Use by Prisoners to the service copy of this Order. If Plaintiff wishes to proceed with this case, he shall re-submit his complaint on this standard complaint form and include all matters he wishes the Court to consider in that one document. Plaintiff must use the standard

---

[1] For this reason, Plaintiff's motion to amend the complaint to include Commissioner Ward (doc. no. 26) is **DENIED** as futile.

form provided along with this Order, with no more than six handwritten pages attached. See <u>Goodison v. Washington Mut. Bank</u>, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); <u>see also</u> <u>London v. Georgia Dep't of Corr.</u>, CV 502-107, Doc. No. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The Amended Complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. <u>Krinsk v. SunTrust Banks, Inc.</u>, 654 F.3d 1194, 1202 (11th Cir. 2011); <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219 (11th Cir. 2007) ("An amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit – in this case, those individuals will include *only* Defendants Lieutenant Bray and Officer Bentley. Furthermore, the body of Plaintiff's Amended Complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. While Plaintiff may attach exhibits to his Amended Complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." The Court will not independently examine

4

exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his Amended Complaint.

Plaintiff shall submit only **one** Amended Complaint in accordance with the terms of this Order within **twenty-one (21) days** of the undersigned date. If an Amended Complaint is not timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will dismiss this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

**ORDER ENTERED** at Augusta, Georgia this 13th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE