IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THONY BEAUBRUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-097 |
| | ) | |
| LIEUTENANT BRAY and OFFICER BENTLEY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Riverbend Correctional Facility, filed this case pursuant to 42 U.S.C. § 1983 regarding events alleged to have taken place at Dodge State Prison ("DSP") in Chester, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP").

I.   SCREENING THE AMENDED COMPLAINT

   A.   **Procedural Background**

On January 9, 2023, the Court entered a Report and Recommendation ("R&R") recommending that Plaintiff's amended complaint, (doc. no. 12), be dismissed for failure to state a claim upon which relief may be granted, (doc. no. 17). Plaintiff did not file objections and on February 3, 2023, United States District Judge Dudley H. Bowen, Jr., adopted the R&R and closed the case. (Doc. nos. 21, 22.) On February 16, 2023, Plaintiff filed objections, a motion for reconsideration, and a motion to amend. (Doc. nos. 23-26.) On March 13, 2023, Judge Bowen issued an Order finding Plaintiff asserted a failure to intervene claim against

Defendants Bray and Bentley that had not been addressed in the R&R, and Plaintiff had not been given a reasonable opportunity to amend his pleadings to establish a deliberate indifference claim. (Doc. no. 27, p. 2.) Defendants DSP, Warden Tommy Bowen, and Counselor Bray were to remain dismissed. (Id. at 3.) Judge Bowen granted Plaintiff's motion for reconsideration, vacated in part the February 3rd Adoption Order, re-opened the case, and ordered Plaintiff to amend his complaint within twenty-one days of the date of the Order. (Id. at 5.) Plaintiff, however, did not submit a second amended complaint as ordered. The purpose of this R&R is to screen Plaintiff's first amended complaint as to the claims against Defendants Bray and Bentley.

  **B.**  **Factual Background**

In his amended complaint, Plaintiff names as Defendants: (1) Lieutenant Bray and (2) Officer Bentley. (Doc. no 12, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. At DSP, on June 13, 2022, at approximately 7:30 P.M., Plaintiff was standing at the door in his dorm talking to Defendants Bray and Bentley, when a fellow inmate punched him in the head. (Id. at 5.) Plaintiff fell and hit his head on the side of the table, his wrist on a bench, and his knee on the floor. (Id.) Plaintiff passed out for a minute, but Defendant Bray did not allow him to go to medical. (Id.) Instead, Plaintiff was placed in administrative segregation for ten days with no air conditioning. (Id.) Plaintiff filed a grievance about the situation but did not receive a response because he was transferred to another prison. (Id. at 7.) Plaintiff requests damages for his pain and suffering. (Id. at 5.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly,

3

550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **B.    Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendants Bray and Bentley**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243

(11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Plaintiff alleges he was hit by a fellow inmate which caused him to fall and receive injuries, but Defendant Bray did not allow him to go to medical. (Doc. no. 12, p. 5.) Plaintiff describes negligeable injuries from the attack, however, does not describe any injuries or conditions so obvious that a lay person would recognize the necessity for medical attention. Nor does Plaintiff allege he suffered any injuries from the complete absence of medical treatment since Defendant Bray immediately placed Plaintiff in administrative segregation for ten days after the attack. At most, Defendant Bray's actions were mere negligence. For these reasons, Plaintiff fails to state a claim against Defendants Bray and Bentley.

    **C.**    **Plaintiff Fails To State a Valid Failure to Protect or Intervene Claim Against Defendants Bray and Bentley**

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk.

Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

In the context of a failure to intervene claim, a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate.  See Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (*per curiam*) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)).  As explained by the Eleventh Circuit, liability for a failure to intervene claim may be imposed when:  (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury.  See Johnson v. Boyd, 568 F. App'x

719, 724-25 (11th Cir. 2014) (*per curiam*).  Plaintiff bears the burden of showing Defendants were in a position to intervene but did not do so.  See Ledlow, 500 F. App'x at 914.

The reasonable response requirement has been described as follows:

> "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.  More succinctly, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845.  We have said that a prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner." Cottone [v. Jenne], 326 F.3d 1352, 1358 (11th Cir. 2003).  An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale [v. Tallapoosa Cty.,] 50 F.3d 1579, 1583 (11th Cir. 1995).

Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 619-20 (11th Cir. 2007)  As noted, for liability to attach, prison officials must have been "in a position to intervene." Terry, 376 F. App'x at 896 (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)).  An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Smith v. Andrews, CV 114-206, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (collecting cases), *adopted by*, 2016 WL 7197446 (S.D. Ga. Dec. 9, 2016) (Hall, C.J.); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013) (same), *adopted by*, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013).

Here, Plaintiff alleges he was standing in the dorm doorway, talking with Defendants Bray and Bentley, when another inmate punched him, causing him to fall and receive injuries. (Doc. no. 12, p. 5.)  However, Plaintiff does not allege Defendants knew of any specific threat to Plaintiff nor does he provide facts suggesting Defendants had advanced knowledge that

Plaintiff would be in danger or injured in any way.  Defendants were unaware of a substantial risk to Plaintiff.

Furthermore, while Defendants were standing in the doorway with Plaintiff when the attack commenced, Plaintiff does not assert Defendants had the opportunity to see the punches coming and failed to stop them.  Indeed, there is no evidence Defendants could predict what would happen, nor did they have a realistic opportunity to intervene within a split second to prevent the inmate from injuring Plaintiff.  Thus, Plaintiff fails to state a valid failure to protect or intervene claim against Defendants Bray and Bentley.

### D.    Plaintiff's Official Capacity Monetary Claims

Plaintiff states he is suing Defendants in their official and individual capacities.  (Doc. no. 12, pp. 2-3.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Bray and Bentley be **DISMISSED** for failure to state a claim upon which relief may be granted.  Because all other Defendants in this case have been dismissed, the Court **REPORTS** and **RECOMMENDS** that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of April, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9